# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

JOHN BUCHANAN                                                                                           PLAINTIFF

v.                                               CIVIL ACTION NO. 1:18-CV-137-GNS

U.S. GOVERNMENT                                                      DEFENDANT

## MEMORANDUM OPINION

Plaintiff John Buchanan initiated this *pro se* civil action. Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court will dismiss this action.

## I. SUMMARY OF COMPLAINT

Plaintiff initiated this action by filing a handwritten complaint. The complaint states as follows:

> This US DISTRICT Court claim being made after acting upon instruction's given from first claim taken on 6-18-2016. Claim number <u>116cv-92gns</u>.[1,2]
>
> These are the instruction's; claim cannot be made until first making application to ADMINISTRATIVE OFFICE OF THE COURTS for relief.

---

[1] *Buchanan v. United States*, No. 1:16-cv-00092-GNS, is a prior action filed by Plaintiff in this Court. In the complaint in that action, Plaintiff wrote, "The United States Government refused to pay me compensation monies, separation pay, lump sum payment, after long term detainment incarceration by the Department of Corrections, that resulted in acquired disability, loss of livelihood. Serve date 7-20-1993 – 4-15-2014." As relief, Plaintiff sought "compensation payment for such action as long term detainment, for the amount deemed by law, for separation payment, for lump sum payment for long term serve."

Upon screening of the complaint, the Court determined that dismissal of the action was warranted. No. 1:16-cv-00092-GNS (DN 7, Mem. Op.). In its Memorandum Opinion, the Court first noted that it is "well-settled that the United States is immune from suit unless there is an explicit waiver of sovereign immunity." *Id*. (citing *United States v. Mitchell*, 335 U.S. 535, 538 (1980) (other citations omitted). Finding no such waiver by any statute set forth in Plaintiff's complaint (since the complaint cited no statute), the Court then considered whether Plaintiff was attempting to bring a claim under the Federal Tort Claims Act (FTCA). The Court stated that, even if this was Plaintiff's intent, any FTCA claim was barred because Plaintiff had not alleged that he had exhausted his administrative remedies under the FTCA prior to filing suit. *Id*. (citing 28 U.S.C. § 2675(a); *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1974) (other citations omitted)). Thus, the Court held that dismissal under Fed. R. Civ. P. 12(h)(3) was appropriate because Plaintiff had failed to establish that the Court had subject-matter jurisdiction over his complaint. *Id*.

[2] Plaintiff also has another related action currently pending in this Court. *Buchanan v. United States Government*, No. 1:18-cv-153-GNS. That action was originally filed in state court but was removed to this Court by the United States.

These instructions were acted upon. An application was made to the ADMINISTRATIVE OFFICE. A request for lump sum check to be given me because of serve with Department of Correction's inmate number 119031.

I was not replyed to an answer was not received from the ADMINISTRATIVE OFFICE and no lump sum check sent. It has been over 1 year. I applied in June 2017.

STATEMENT: The U.S. GOVERNMENT did not pay me lump sum check this after serve with Department of Correction's dates: 7-20-1993 to 4-15-2014.

Date: 9-18-2018, Amount: $120,000.

Plaintiff also attached a supplement to his complaint which states: "The reason I was late applying for my lump sum check, I wrote to several government offices for information on what I should do to receive check I got no reply from these. In June of 2014 I had a heart attack . . . I kept trying to figure out what to do, resorted to claim with District Court. I was told what to do then, apply Admin Office."

## II. LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must review this action under 28 U.S.C. § 1915(e). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint

in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In addition, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Twombly,* 550 U.S. 544).

### III. ANALYSIS

Upon review of the complaint, the Court finds that this action must be dismissed. Plaintiff seems to indicate that he is entitled to monetary relief from the United Sates because he has now complied with the Court's "instructions" from his prior action by filing a claim with the "Administrative Office of the Courts" and, thereby, allegedly exhausting his administrative

3

remedies under the FTCA. In the prior action, however, the Court did not "instruct" Plaintiff to exhaust his administrative remedies under the FTCA. Instead, the Court merely considered, based upon a broad reading of the *pro se* complaint, whether Plaintiff could be attempting to bring a claim under the FTCA, and concluded that such a claim would be barred because Plaintiff had failed to allege that he had exhausted his administrative remedies before filing suit in this Court. Indeed, based upon the sparse allegations in the prior action, the Court could not know on what grounds any FTCA claim would be based or how such a claim could be exhausted.

Thus, as in Plaintiff's prior action, the Court finds that it lacks subject-matter jurisdiction here. As noted above, it is well-settled that the United States is immune from suit unless there is an explicit waiver of sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The principle of sovereign immunity shields the government and its agencies from suit. *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260, (1999). Any waiver of sovereign immunity must be "unequivocally expressed" in the statutory text and cannot be implied. *United States v. King*, 395 U.S. 1, 4 (1969). Plaintiff has the burden to demonstrate that a waiver of sovereign immunity exists permitting his action against the United States to proceed. *Morris v. United States*, 540 F. App'x 477, 483 (6th Cir. 2013). If Plaintiff "cannot identify a waiver [of sovereign immunity], the claim must be dismissed on jurisdictional grounds." *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000). Here, Plaintiff does not cite to the FTCA or any other federal statute that explicitly waives the sovereign immunity of the United States, and therefore, the action must be dismissed for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Moreover, even if the Court were to construe Plaintiff's complaint as bringing a claim under the FTCA, the complaint still fails to state a claim upon which relief may be granted. This is because the complaint contains no "factual content" or "well-pleaded allegations" that would allow the Court to infer that the United States is liable to Plaintiff under this statute. *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (citation omitted).

Finally, the complaint does not contain information sufficient to give the United States notice of the grounds upon which an FTCA claim would rest. Thus, the complaint fails to meet the notice-pleading requirements of Fed. R. Civ. P. 8.

## IV. CONCLUSION

For the foregoing reasons, the Court will enter a separate Order dismissing this action.

Date: December 20, 2018

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
U.S. Attorney
4416.011